## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES J. BRADDOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11:1-cv-8597 |
| | ) |
| ANGELINA JOLIE, an individual; GK FILMS, a California corporation; FILMDISTRICT, an Illinois corporation; SCOUT FILM, a foreign corporation; and EDIN SARKIC, an individual | ) Jury Trial Demanded |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S VERIFIED COMPLAINT FOR COPYRIGHT INFRINGEMENT AND INJUNCTIVE RELIEF

NOW COMES PLAINTIFF, JAMES J. BRADDOCK a.k.a. Josip J. Knezevic (hereinafter "Plaintiff"), by and through his attorneys, Belongia, Shapiro & Franklin, LLP, and pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. and the Berne Convention, brings his Complaint for Copyright Infringement against DEFENDANTS, ANGELINA JOLIE, GK FILMS, FILMDISTRICT, SCOUT FILM, and EDIN SARKIC (collectively, the "Defendants"), and in support thereof alleges the following:

### NATURE OF THIS ACTION

1. This is an action for violation of the copyright laws of, and treaties and/or conventions signed by, the United States arising from Defendants' infringement of Plaintiff's copyrights in Plaintiff's original copyrighted book entitled, *The Soul Shattering* ("Subject Work").

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over this action and the claims asserted herein, pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that this is a suit for copyright infringement under 17 U.S.C. § 101 *et seq.*

3. Defendants are subject to personal jurisdiction of the Court because they reside, have agents, do or transact business, or are otherwise found, and have purposefully availed themselves of the privilege of doing business, in Illinois and this District.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) because Defendant FilmDistrict has a regular and established place of business in this District and may be found in this District.

**THE PARTIES**

5. At all relevant times herein, Plaintiff JAMES J. BRADDOCK was an individual residing in Zagreb, Croatia.

6. Upon information and belief, at all relevant times, Defendant ANGELINA JOLIE (hereinafter "Defendant Jolie") was an individual residing in California and a citizen of the United States of America.

7. Upon information and belief, at all relevant times, Defendant GK FILMS (hereinafter "Defendant GK Films") was a California corporation with its principal place of business in California.

8. Upon information and belief, at all relevant times, Defendant FILMDISTRICT (hereinafter "Defendant FilmDistrict") was a California corporation with its principal place of business in California, duly authorized to do and doing business in this District.

9. Upon information and belief, at all relevant times, Defendant SCOUT FILM

(hereinafter "Defendant Scout Film") was a Bosnian and Herzegovinian corporation with its principal place of business in Bosnia and Herzegovina.

10. Upon information and belief, at all relevant times, Defendant EDIN SARKIC (hereinafter "Defendant Sarkic") was an individual residing in Sarajevo, Bosnia and Herzegovina.

## GENERAL FACTUAL ALLEGATIONS

### I. Plaintiff's Copyrighted Subject Work

11. Plaintiff is an internationally-known author and journalist, whose career achievements include: working as a journalist for numerous publications in Sarajevo, Zagreb, and Ljubljana; working as the lead television director for numerous national news and sport programs in Sarajevo, Bosnia and Herzegovina and Croatia; and working as an international reporter and commentator during the Serbian attacks (and lengthy siege of Sarajevo, the capital) during the Bosnian War.

12. Plaintiff is the author of the Subject Work, a factual account of the tragedies suffered by Bosnian and Herzegovinian women and children during the Bosnian War. It was originally published in Croatia in or about December 2007 in the native language of Croatia.

13. The Berne Convention for the Protection of Literary and Artistic Works of 1886 and as revised (the "Berne Convention") requires its signatories to recognize the copyright of works of authors from other signatory countries in the same way as it recognizes the copyright of its own nationals.

14. In addition to establishing a system of equal treatment regarding copyright amongst signatories, the agreement also required member states to provide strong minimum standards for copyright law.

15. Croatia became a signatory member of the Berne Convention on October 8, 1991.

16. The United States of America became a signatory member of the Berne Convention on March 1, 1989.

17. Plaintiff's Subject Work is a Berne Convention Work as defined in the Copyright Act of 1976, Title U.S.C., § 101, as amended, and is subject to the protection of the Copyright Act of 1976, Title 17 U.S.C. §§ 101 et seq.

18. Prior to commencement of this action, Plaintiff registered the Subject Work in accordance with the copyright registration laws of Croatia, and at all times has been the sole proprietor of his respective rights, titles, interest, and copyrights in the Subject Work.

**II.     Defendants' Infringement**

19. On December 23, 2011, Defendants will release in the United States a motion picture, *In the Land of Blood and Honey* (hereinafter "Motion Picture").

20. The Motion Picture is written and directed by Defendant Jolie, produced by Defendant GK Films and Defendant Scout Film, and will be distributed in the United States by Defendant FilmDistrict.

21. The Motion Picture has been widely publicized by film critics and pop culture media outlets, particularly since it is Defendant Jolie's directorial debut and Defendants' government permits to film in Sarajevo were hotly contested, revoked, and eventually re-granted.

22. In violation of the Berne Convention and United States copyright laws, the Defendants have infringed upon the protectable rights in the Subject Work, which are wholly owned by Plaintiff. Defendants never secured licensing or permission from Plaintiff, yet the Motion Picture shares similarities so substantial to the Subject Work that its production and distribution constitute copyright infringement.

23. At all relevant times, Defendants had access to the Subject Work through Defendant Sarkic, Defendant Scout Film, and various other motion picture resources.

24. After Plaintiff released the Subject Work in or about December 2007, Plaintiff travelled to Sarajevo to promote the Subject Work and create awareness for Bosnian war victims' organizations.

25. On one of these occasions, Plaintiff was approached by Defendant Sarkic, who was an executive motion picture producer in the Bosnian region with Defendant Scout Film. Defendant Sarkic shared with Plaintiff that he read the Subject Work and expressed sincere interest to meet with Plaintiff on future occasions to discuss the Subject Work in further detail.

26. From March 2008 through November 2008, Plaintiff and Defendant Sarkic met at least three times to discuss details of the Subject Work, including plot and character development and the story's cultural significance and historical accuracy.

27. These conversations evolved into pursuing the possibility of creating a motion picture from the Subject Work, which Defendant Sarkic would produce through Defendant Scout Film.

28. Subsequent to these meetings, through 2008 and 2009, Plaintiff and Defendant Sarkic communicated extensively over the telephone and through text messages in attempts to continue the conversation about potentially creating a motion picture of the Subject Work.

29. In or about August 2009, Plaintiff emailed LaToya King at Defendant Jolie's organization, Make It Right, and proposed a collaboration for "Bridge of Love" whereby by Defendant Jolie would partner with Plaintiff to build villages of houses across desolated cities, including Sarajevo and New Orleans, linking the continents, cities, and people of different racial and cultural backgrounds. Plaintiff sent this email without knowing of any partnership or

communications between Defendant Sarkic and Defendant Jolie.

30. In 2010, Plaintiff learned through media outlets about Defendant Jolie's Motion Picture that was being filmed in the Bosnian region and its striking similarity to the Subject Work. At this time, Plaintiff also learned that Defendant Sarkic was an executive producer of the Motion Picture and that Defendant Scout Film was actively involved in production.

31. The similarities between the Subject Work and the Motion Picture are obvious: the Motion Picture copies key plot elements, themes, characters, events, sequences and settings of the Subject Work, including without limitation, the following:

   a. The Subject Work illustrates a love story that takes place in war-torn Bosnia and Herzegovina in the early 1990's. The Motion Picture also depicts a love story that takes place in war-torn Bosnia and Herzegovina in the early 1990's.

   b. The Subject Work's main female character is a Croatian (her mother is a Muslim), living near Sarajevo, who is captured and imprisoned in a Serbian-held concentration camp that was located in a village, which was highly unusual since most camps were located in abandoned industrial or agricultural complexes. The Motion Picture's main female character is also a Muslim who is captured and imprisoned in a Serbian-held camp that was located in a village, not an abandoned complex.

   c. The Subject Work's main female character is subject to continuous abuse and rape by soldiers and officers in the camp. In addition to being raped continuously by soldiers and officers, she is forced to become a servant at the camp headquarters, a duty assumed by very few of the captives. The Motion Picture's main female character is also subject to continuous rape by soldiers and officers

      in the camp and subsequently becomes a servant at camp headquarters.

  d. The Subject Work's main male character is the deputy camp commander. His father is a high-ranking "Greater Serbian" nationalist and important officer of the Yugoslav Peoples Army. The Motion Picture's main male character is also a camp commander whose father is a high-ranking "Greater Serbian" nationalist and important officer of the Yugoslav Peoples Army.

  e. In the Subject Work, the main male character struggles with the polarity of his emotions and his military duty; he loves the main female character but is expected to fulfill his duties as a high-ranking member in the army force. Amidst his struggle, he helps her escape from camp. In the Motion Picture, the main male character also struggles with his love for the main female character and his duties as a high-ranking member of the army force. Like in the Subject Work, the main male character in the Motion Picture helps the main female character escape from the camp.

<u>**COUNT I:**</u>
<u>**COPYRIGHT INFRINGEMENT IN VIOLATION OF THE COPYRIGHT ACT, 17 U.S.C. § 101 et seq. AND THE BERNE CONVENTION FOR THE PROTECTION OF LITERARY AND ARTISTIC WORKS**</u>
<u>**(Against All Defendants)**</u>

    32.     Plaintiff incorporates by reference paragraphs 1 - 31 and realleges them here as though fully set forth herein.

    33.     The Subject Work is an original work of authorship fixed in a tangible means of expression that constitutes a literary work pursuant to 17 U.S.C. § 102(a) and is subject to copyright protection under U.S.C. Act 17 § 101.

    34.     Article 5(1) of the Berne Convention provides that "Authors shall enjoy, in

respect of works for which they are protected under This Convention, in countries of the Union other than the country of origin, the rights which their respective laws do now or may hereafter grant to their nationals, as well as the rights specifically granted by this Convention."

35. Article 5(2) of the Berne Convention provides further that "(t)he enjoyment and exercise of these rights shall not be subject to any formality; such enjoyment and such exercise shall be independent of the existence of protection in the country of origin of the work."

36. Plaintiff has exclusive rights to each protectable component of the Subject Work, including the right to create derivative works such as an adaptation of the Subject Work to a Motion Picture.

37. By directing and producing the Motion Picture, Defendants have reproduced, copied, prepared a derivative work based upon, and intend to distribute copies of substantial portions of the Subject Work, including key plot elements, characters, events and sequences for their own use, without Plaintiff's permission or authorization.

38. Upon information and belief, such conduct by Defendants was and is willfully done with knowledge of the rights of Plaintiff.

39. Defendants' conduct constituted, and continues to constitute, infringement upon Plaintiff's exclusive rights to reproduce, copy, prepare derivative works based upon, and distribute the Subject Work, all in violation of 17 U.S.C. §§ 101 et seq. and the Berne Convention.

40. By reason of Defendants' acts and infringements, Plaintiff has sustained and will continue to sustain substantial injury, loss and damage to his rights.

41. Plaintiff is further entitled to recover from Defendants the damages sustained by him as a result of Defendants' acts of copyright infringement. Plaintiff is at present unable to

ascertain the full extent of monetary damage suffered by reason of Defendants' acts of copyright infringement, but Plaintiff is informed and believes, and on the basis of such information and belief, alleges that Plaintiff has sustained such damages in an amount exceeding $50,000.00.

42. Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages they have obtained and will continue to obtain as a result of their copyright infringement. Plaintiff is at present unable to ascertain the full extent of monetary damage suffered by reason of Defendants' acts of copyright infringement, but Plaintiff is informed and believes, and on the basis of such information and belief, alleges that Plaintiff has sustained such damages in an amount exceeding $50,000.00.

**WHEREFORE**, Plaintiff prays that this Court enter judgment in his favor and against Defendants and declare that:

A. Defendants have infringed Plaintiff's valid copyrighted Subject Work;
B. Defendants be ordered to pay statutory damages pursuant to 17 U.S.C. § 504(c);
C. Defendants be ordered to pay costs, including Plaintiff's reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and
D. Plaintiff has such other and further relief as the Court may deem proper and just.

## COUNT II:
## PRELIMINARY AND PERMANENT INJUNCTION
### (Against All Defendants)

43. Plaintiff incorporates by reference paragraphs 1 - 31 and realleges them here as through fully set forth herein.

44. Defendants have already infringed Plaintiff's Subject Work through its unauthorized copying, distribution, and public display of the Motion Picture in advertising and promoting the Motion Picture by making an unauthorized motion picture script that is based upon and copies virtually all of the copyrightable subject matter in the Subject Work.

45. If not enjoined, Defendants will continue to infringe Plaintiff's copyright by advertising, marketing, and promoting the Motion Picture; and by releasing the Motion Picture and otherwise distributing or licensing others to distribute the Motion Picture in various formats and distribution channels.

46. These wrongful acts of Defendants have caused irreparable injury to Plaintiff and, unless this Court restrains Defendant from further use of the Motion Picture, Plaintiff will continue to suffer irreparable injury for which he has no adequate remedy at law.

47. As a direct and proximate result of Defendants' wrongful acts, Defendants have been and will continue to be unjustly enriched, and Plaintiff has suffered and will continue to suffer damages in an amount not yet fully determined.

**WHEREFORE**, Plaintiff prays that this Court enter judgment in his favor and against Defendants and declare that:

A. A preliminary injunction be entered against Defendants during the pendency of this action and a permanent injunction thereafter enjoining and restraining Defendants, their agents, servants, employees, attorneys, partners, licenses, divisions, affiliates, parent corporation(s), and all others in active concert or participation with any of them from copying, distributing, publicly displaying, or otherwise making any use of the Motion Picture, pursuant to 17 U.S.C. § 502; and

B. Plaintiff has such other and further relief as the Court may deem proper and just.

Respectfully submitted,

JAMES J. BRADDOCK,


By: ___/s/ Kelly A. Saindon____
      One of Plaintiff's attorneys

Mark D. Belongia, #6269391
mbelongia@belongialaw.com
Kelly A. Saindon, #6244793
ksaindon@belongialaw.com

Belongia, Shapiro & Franklin, LLP
20 South Clark Street, Suite 300
Chicago, IL 60603
Tel: (312) 662-1030
Fax: (312) 662-1040